JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

TEJAY STEELE,

                Petitioner,

        v.

CRAIG KOENIG, Warden,

                Respondent.

Case No. ED CV 21-864 ODW (MRW)

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

      The Court summarily dismisses this action pursuant to the successive habeas petition rule under 28 U.S.C. §§ 2243 and 2244.

* * *

      1.     Petitioner is currently serving a life term in state prison based on his 2001 rape conviction.

      2.     In this federal habeas action, Petitioner challenges his original sentence.  He contends that the sentence unfairly "exclude[es him] from the opportunity to have a youth offender parole hearing" under state law. (Docket # 1 at 10.)

3.     Petitioner previously sought habeas relief in this Court regarding his conviction.  The Court denied Petitioner's earlier habeas action under AEDPA.  Steele v. Scribner, No. ED CV 06-250 ODW (VBK) (C.D. Cal.).  The United States Court of Appeals for the Ninth Circuit declined to issue a certificate of appealability in that action.

4.     Magistrate Judge Wilner screened the current petition. (Docket # 4.) Judge Wilner noted that the action appeared to be successive, and was not accompanied by a certificate from the Ninth Circuit authorizing a second habeas action under 28 U.S.C. § 2244.  Judge Wilner further noted that the action (a) appeared to be untimely under AEDPA and (b) did not allege a cognizable violation of the federal constitution.[1]

5.     Petitioner submitted a supplemental statement regarding the petition in June 2021.  That statement requested a stay of the federal action in this district court while Petitioner sought permission from the Ninth Circuit to pursue this successive habeas action.  (Docket # 6.) Petitioner did not offer any legal analysis or authority to support this request.

6.     Judge Wilner solicited a response from the Attorney General. (Docket # 7.)  The Attorney General opposed the stay request as procedurally improper.  (Docket # 8.)  Significantly, the Attorney General argued that this Court did not have jurisdiction to stay the action while Petitioner pursued authorization in the appellate court.  (The Attorney General also substantively argued that Petitioner's habeas claim is without merit and cannot be considered on federal review.)

---

[1]     Judge Wilner also noted that the current petition paralleled one that Petitioner filed earlier in 2021.  Steele v. Koenig, No. ED CV 21-230 ODW (MRW) (C.D. Cal.).  Petitioner voluntarily dismissed that action after the magistrate judge noted that the action was unexhausted (in addition to being successive, untimely, etc.).

7.     According to the Court's review of the Ninth Circuit's online docket, Petitioner has not filed any request for a successive habeas action with the Ninth Circuit to date.

* * *

8.     If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may summarily dismiss a habeas action.  28 U.S.C. § 2243; see also Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

9.     Under federal law, a state prisoner is generally required to present all constitutional challenges to a state conviction in a single federal action.  "Before a second or successive [habeas petition] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

10.    A prisoner must obtain authorization from the Court of Appeals to pursue such a successive habeas petition before the new petition may be filed in district court.  Id.; Burton v. Stewart, 549 U.S. 147, 156 (2007) (district court without jurisdiction to consider successive habeas action when prisoner "neither sought nor received authorization from the Court of Appeals before filing").

11.    "If the petition is second or successive, then the district court lacks jurisdiction and must dismiss the petition unless and until the court of appeals grants an application to file it."  Brown v. Muniz, 889 F.3d 661, 667, 676 (9th Cir. 2018) ("petitioner's burden is higher" under statute to bring successive habeas action); Prince v. Lizzaraga, 733 F. App'x 382, 384

1   (9th Cir. 2018) (prisoner "must first apply to this court for permission to

2   have his petition heard in the district court").

3                                        * * *

4          12.    Petitioner's current habeas action is subject to summary

5   dismissal.  The petition challenges the same rape conviction and sentence

6   that was the subject of his earlier federal habeas action.  That action (ED

7   CV 06-250) concluded several years ago.  This makes the current action

8   successive.  <u>McNabb</u>, 576 F.3d at 1030.  Petitioner presents no proof that

9   he asked for or received permission from the Ninth Circuit to pursue

10  another successive action.  The successive action must be dismissed.

11  28 U.S.C. § 2244(b); <u>Brown</u>, 889 F.3d at 667; <u>Prince</u>, 733 F. App'x at 384.

12         13.    Because the Court does not have jurisdiction over Petitioner's

13  successive action, it has no jurisdiction to stay the case.  If the Ninth

14  Circuit authorizes Petitioner to pursue a successive habeas action in

15  district court, he should file that action promptly.  The Attorney General's

16  arguments regarding the timeliness or adequacy of the claims can be

17  explored at that stage.

18                                       * * *

19

20

21

22

23

24

25

26

27

28

1    The Court does not have jurisdiction to consider Petitioner's claims or

2  his request for a stay.  The action is DISMISSED without prejudice as

3  successive.

4    IT IS SO ORDERED.

5

6

7  Dated: _August 13, 2021        _____

8                                  HON. OTIS D. WRIGHT II
                                   UNITED STATES DISTRICT JUDGE
9

10  Presented by:

11

12

13  _____

14  HON. MICHAEL R. WILNER
   UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28